## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM HARPER, | : |
| | : |
| **Plaintiff,** | : |
| | : **C.A. No.:  20-cv-** |
| v. | : |
| | : |
| **KRISS CONTRACTING, INC.,** | : |
| **VERONICA KRISS, Individually, and** | : |
| **KATHLEEN A. KRISS,** | : |
| | : |
| **Defendants.** | : |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM HARPER ("Plaintiff"), hereby files this Complaint against

Defendant, KRISS CONTRACTING, INC. ("KCI"); VERONICA KRISS ("V. KRISS"),

Individually; and KATHLEEN A. KRISS ("K. KRISS"), Individually, (collectively

"Defendants"), and states as follows:

### JURISDICTION

1.       Jurisdiction in this Court is proper as Plaintiff's claim for unpaid wages is

brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.)

("FLSA") to recover unpaid overtime wages, an additional equal amount in liquidated damages,

and to recover reasonable attorneys' fees and costs.

2.       The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C.

§1331 as these claims arise under 29 U.S.C. §216(b).

3.       Venue in this Court is proper, as many of the acts and omissions in this

Complaint took place in this judicial district, and Defendants reside and regularly conduct

business in this judicial district.

## PARTIES

1.      At all times material to this action, Plaintiff was a resident of Caroline County, Maryland, who performed work for Defendant in Delaware.

2.      At all times material to this action, KCI was, and continues to be, engaged in business in Delaware, with a principal place of business in Kent County, Delaware.

3.      Based on information and belief, at all times material hereto, Defendant V. KRISS was individual resident of the State of Delaware, Kent County.

4.      At all times material hereto, Defendant V. KRISS was, and continues to be President of KCI.

5.      Defendant V. KRISS managed the day-to-day operations of KCI and regularly exercised the authority to: (a) hire and fire employees of KCI, including authorizing the hire and fire of Plaintiff; (b) determine the work schedules for the employees of KCI, including Plaintiff; and (c) control the finances and operations of KCI.

6.      Plaintiff understands that his termination had to be approved by Defendant V. KRISS.   Further, Defendant V. KRISS communicated with Plaintiff about the end of his employment.

7.      Defendant V. KRISS is an individual employer as defined by 29 U.S.C. §201, et seq., in that she acted, directly or indirectly, in the interests of KCI towards Plaintiff.

8.      Based on information and belief, at all times material hereto, Defendant K. KRISS was individual resident of the State of Delaware, Kent County.

9.      At all times material hereto, Defendant K. KRISS was, and continues to be Vice President of KCI.

10.    Defendant K. KRISS managed the day-to-day operations of KCI and regularly exercised the authority to: (a) hire and fire employees of KCI, including authorizing the hire and fire of Plaintiff; (b) determine the work schedules for the employees of KCI, including Plaintiff; and (c) control the finances and operations of KCI.

11.    Plaintiff understands that his termination had to be approved by Defendant K. KRISS.  Further, Defendant K. KRISS terminated Plaintiff's employment.

12.    Defendant K. KRISS is an individual employer as defined by 29 U.S.C. §201, et seq., in that she acted, directly or indirectly, in the interests of KCI towards Plaintiff.

13.    At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14.    At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

15.    Defendants were, and continue to be, "employers" within the meaning of the FLSA.

16.    At all times material to this action, Defendant KCI was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

17.    Based upon information and belief, the annual gross revenue of Defendant KCI was in excess of $500,000.00 per annum during the relevant time periods.

18.    At all times material to this action, Defendant KCI was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that

have been moved in or produced for commerce by any person" within the meaning of the FLSA.

19.     At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as bucket trucks, line trucks, excavators, cranes, and other electrical equipment.

20.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

21.     In June 1993, Defendants hired Plaintiff to work as a non-exempt electrician, as well as to perform other skilled contracting work.

22.     While Plaintiff had some brief breaks in employment throughout his lengthy tenure with Defendants, he worked for Defendants continuously from 2017 through the end of his employment in November 2019.

23.     In January 2020, Defendants asked Plaintiff to return to work, commencing on Monday, January 11, 2020.

24.     Plaintiff returned to work for Defendants on January 11, 2020.

25.     Plaintiff's jobs included, but were not limited to, the installation of traffic lights, traffic signs, and highway lighting; and fixing broken and/or damaged lights.

26.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

27.     Defendants failed to properly compensate Plaintiff the proper rate of one and on-half times Plaintiff's regular rate for his hours over forty (40).

28.   Specifically, Defendants did not pay overtime premiums on certain hours at all.

29.   In addition, where Defendants paid certain hours as "overtime" the rate used for those hours was not 1.5 times Plaintiff's regular rate of pay, as required by the FLSA.

30.   On numerous occasions, Plaintiff attempted to address these issues with Defendants V. Kriss and K. Kriss, to no avail.

31.   Throughout his employment, but relevant to this Complaint from at least January 2018 and continuing through November, 2020, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

32.   Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

33.   Defendants have violated Title 29 U.S.C. §207 from at least 2017 and continuing through at least November 2020, in that:

      a.   Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of his employment with Defendants;

      b.   Defendants have failed to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA; and

      c.   Upon information and belief, Defendants have failed to maintain proper time and pay records as mandated by the FLSA.

34.   Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful. This is clear because Defendants paid Plaintiff for

certain overtime hours, showing their awareness of the requirement to pay overtime premiums to Plaintiff, but did not pay him at the rates required by law, or for all of his hours over forty at an overtime rate.  As such, Defendants demonstrated either a knowing violation of the FLSA, or, at the very least, a reckless disregard for following its requirements.

35.     Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

36.     Plaintiff re-alleges paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

37.     From at least January 2018 and continuing through November 2020, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

38.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek for the period of three years preceding the date of the filing of the Complaint in this matter.

39.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

40.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or with reasonable diligence should have known,

such was, and is, due.

41.    Furthermore, Plaintiff continuously addressed these improper pay practices with Defendants V. Kriss and K. Kriss.

42.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for hours worked over forty (40) hours in a workweek, plus liquidated damages.

43.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 26th day of January, 2021.

TYBOUT, REDFEARN & PELL

DAVID G. CULLEY (#2141)
750 Shipyard Drive, Suite 400
Wilmington, DE 19801
(302) 658-6901
dculley@trplaw.com
*Attorneys for Plaintiff*

OF COUNSEL:
Angeli Murthy, Esquire
Morgan & Morgan, P.A.
600 North Pine Island Road, Suite 400
Plantation, FL  33324
954-327-5369