## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILLIAM HARPER,           )
                                 )
               Plaintiff,       )
                                 )
            v.            )     C.A. No. 21-cv-81-TMH
                                 )
KRISS CONTRACTING, INC.,    )
VERONICA KRISS, and         )
KATHLEEN A. KRISS,        )
                                 )
           Defendants.

## <u>MEMORANDUM OPINION</u>

William Harper, pro se – Plaintiff

Penelope B. O'Connell, O'HAGAN MEYER PLLC, Wilmington, DE – Attorney for Defendants

August 12, 2022
Wilmington, DE

**HUGHES, UNITED STATES CIRCUIT JUDGE, SITTING BY DESIGNATION:**

Pending before me is Defendants Kriss Contracting, Inc., Veronica Kriss, and Kathleen A. Kriss's motion for summary judgment, requesting I dismiss Plaintiff William Harper's Fair Labor Standards Act claim as a matter of law. For the reasons set forth below, I grant Defendants' motion and dismiss Mr. Harper's claim.

## I.    <u>BACKGROUND</u>

Kathleen A. Kriss runs Kriss Contracting, Inc. Defs.' Opening Br. 4, ECF No. 23.[1] In June 1993, Kriss Contracting hired William Harper. Compl. 4, ECF No. 1. Mr. Harper has worked on and off for the company for several years, returning to Kriss Contracting as recently as January 11, 2020. *Id.* As required by Delaware law, Defendants maintain work logs, timesheets, and payroll summaries that document the number of hours that their employees work and classify these hours according to the type of work that the employees perform. 19 Del. Admin. Code § 1322-7.1.1.3.3; *e.g.*, Defs.' Opening Br. Appx. 2, at 205. On January 26, 2021, Mr. Harper sued Defendants, alleging that they had not adequately compensated him for overtime hours worked during his employment from at least January 2018 through November 2020. Compl. 6–7. Defendants move for summary judgment, asserting that the parties do not genuinely dispute material facts and that Defendants fully compensated Mr. Harper as a matter of law. Defs.' Opening Br. 4.

---

[1] Veronica Kriss, who founded and owned Kriss Contracting, passed away in February 2022. Defs.' Opening Br. 4.

This court has jurisdiction under 28 U.S.C. § 1331 because Mr. Harper's claim arises under federal law—29 U.S.C. § 207, the Fair Labor Standards Act. Venue is proper because many of the relevant acts in this case took place in the District of Delaware and because Kriss Contracting conducts business in Delaware. Compl. 1; Defs.' Answer 1, ECF No. 8 (agreeing with Mr. Harper's venue allegations).

## II.   <u>LEGAL STANDARD</u>

I must grant summary judgment if Defendants show that there is "no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it can affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); and then citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving no genuine dispute as to any material fact. *Celotex*, 477 U.S. at 322. The burden then shifts to the non-movant to prove that a genuine issue exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). To prove the absence or presence of a genuine dispute, the parties must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or the parties must "show[] that the

2

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "The mere existence of a scintilla of evidence in support of the [non-movant]'s position will be insufficient" to survive summary judgment. *Anderson*, 477 U.S. at 252. Rather, the record must contain enough evidence such that a reasonable juror could find for the non-movant on the issue. *Id.* at 247–49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations omitted).

## III.  DISCUSSION

The Fair Labor Standards Act requires employers to compensate employees "at a rate not less than one and one-half times the regular rate" at which the employee is employed for all hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). Mr. Harper alleges that Defendants violated this provision by failing to compensate him at the required rate for overtime hours. Compl. 6–7.

### A. *Genuine Dispute as to Material Facts*

Defendants, as the moving party, bear the initial burden of showing that no genuine dispute as to any material fact exists. *Celotex*, 477 U.S. at 322. Defendants assert that no genuine dispute exists that (1) Defendants correctly classified Mr. Harper's hours according to the type of work he performed and (2) Defendants

3

compensated Mr. Harper at one-and-a-half times the corresponding regular rate for all overtime hours worked. Defs.' Opening Br. 9.

i. Classification of Hours

Defendants contend that no genuine dispute exists that Defendants properly classified Mr. Harper's hours according to the type of work he performed. Defs.' Opening Br. 9. During discovery, Defendants produced time reports that classify the hours Mr. Harper worked. For example, the Daily Time Report for October 17, 2020 has a section titled "DETAILED Explanation Of All Work Performed" that describes all of the work that Kriss Contracting employees performed that day. Defs.' Opening Br. Appx. 4, at 487. Tasks for that day included work on conduits and navigation lights. *Id.* Above that section, the form classifies the hours that specific employees, like Mr. Harper, worked according to the tasks they performed. *Id.* The October 17 time report documents that Mr. Harper worked two-and-a-half shop hours (one as a driver), three electric hours, and two-and-a-half operator hours, for a total of eight hours. *Id.* Defendants assert that these documents "adhere[] to all Delaware and Federal laws and regulations, including the application of Delaware's Prevailing Wage Rates." Defs.' Opening Br. 6.

Defendants also argue that they did not hire Mr. Harper as an electrician or otherwise agree to classify all his hours as electrician hours. Defs.' Opening Br. 7; *see* Compl. 4 (asserting that Kriss Contracting hired Mr. Harper "to work as a non-exempt electrician"). Rather, Defendants contend they hired Mr. Harper as a laborer and later reclassified him to an equipment operator. Defs.' Opening Br. 5, 7. The

evidence supports this assertion: In Mr. Harper's 1996 application for insurance, Mr. Harper wrote "laborer/operator" in the occupation field. Defs.' Reply Br. Appx. 5, at 516, ECF No. 29. Mr. Harper similarly uses the term "operator" in his 1995 employment application to Kriss Contracting. Defs.' Reply Br. Appx. 5, at 518. And a 1994 unemployment appeal found that Kriss Contracting hired Mr. Harper "as a heavy equipment operator" likely because Mr. Harper had "assert[ed] that he was hired as a heavy equipment operator." Defs.' Reply Br. Appx. 5, at 521.

Defendants have met their burden. The time reports in the record document the type of work that Mr. Harper performed each day and divide the hours he worked between those classifications accordingly. Further, record evidence shows that Defendants hired Mr. Harper as a laborer and not an electrician. No record evidence suggests that the parties agreed to classify all of Mr. Harpers hours as electrician hours. Therefore, Defendants have established that no genuine dispute exists that Defendants properly classified Mr. Harper's hours according to the type of work he performed.

Because Defendants have met their initial burden, the burden shifts to Mr. Harper to prove the existence of a genuine dispute. *Matsushita*, 475 U.S. at 586–87. Mr. Harper argues that Defendants hired him as an electrician, that he performs electrician work, and that Defendants sometimes pay him for electrician work. Pl.'s Resp. Br. 2, ECF No. 28. In his brief, Mr. Harper describes several examples of electrician work that he has performed. *Id.* 3–4. Mr. Harper does not cite to any record evidence to suggest that he is entitled to electrician hours for all work

performed or that Defendants otherwise misclassified Mr. Harper's hours. Mr. Harper therefore does not overcome his burden: "conclusory and broad statements" are not sufficient evidence under Federal Rule of Civil Procedure 56(c)(1)(A). *Shock v. Baker*, 663 F. App'x 248, 252 (3d Cir. 2016). Further, Defendants do not dispute that Mr. Harper performed some electrician work. Rather, they assert that he is not entitled to an electrician classification for all the hours—electrician and non-electrician hours—that he worked. Defs.' Opening Br. 8. And nothing in the record suggests that Mr. Harper is so entitled.

Mr. Harper claims that his supervisors are known for modifying timesheets and says that the submitted evidence contains modifications. Pl.'s Resp. Br. at 3, 5. He does not cite to specific timesheets in the record that are modified. *Id.* This makes it difficult to determine which timesheets Mr. Harper is referring to, and after looking through the provided record, I could not discern any modifications. Even if the record does contain modified timesheets, Mr. Harper would have to show, using evidence in the record, that these modifications are improper (for example, more than mere error corrections) such that a reasonable juror could find that Defendants misclassified the hours that Mr. Harper worked. Otherwise, the evidence is "merely colorable" and "not significantly probative" enough to survive summary judgment. *Anderson*, 477 U.S. at 249–50.

Therefore, Mr. Harper has not met his burden, and no genuine dispute exists that Defendants properly classified Mr. Harper's hours according to the type of work he performed.

### ii. <u>One-and-a-Half Rate for Overtime Hours</u>

Defendants contend that no genuine dispute exists that Defendants paid Mr. Harper the statutory rate for overtime hours. Defs.' Opening Br. 9. Defendants produced hundreds of timesheets that classify the regular and overtime hours Mr. Harper worked by the type of work he performed. For example, the timesheet for the week of January 7 to January 13, 2018 tracks the hours that Mr. Harper worked during that week. Defs.' Opening Br. Appx. 2, at 205. Mr. Harper worked 40 hours by Thursday and, from that point forward, the timesheet classifies Mr. Harper's additional hours worked as either "Elect/NC/1227/OT," "Oper/NC/1227/OT," or "Overtime (1.5x) hourly." *Id.* The corresponding pay stub for that week shows that each of these classifications are for overtime hours: Defendants paid Mr. Harper $59.10 per hour for "Elect/NC/1227," and they paid him $88.65 per hour—or one-and-a-half times the base rate—for "Elect/NC/1227/OT." Defs.' Opening Br. Appx. 1A, at 50. The same goes for "Oper/NC/1227" at $41.41 per hour and "Oper/NC/1227/OT" at $62.12 per hour, and for "Hourly" at $15.00 per hour and "Overtime (1.5x) hourly" at $22.50 per hour. *Id.* Defendants have met their burden.

Mr. Harper does not directly respond to Defendants' argument. To the extent that Mr. Harper's responses that I discussed above apply here, they are insufficient for the same reasons I have already articulated. Therefore, Mr. Harper has not met his burden and there is no genuine dispute that Defendants paid Mr. Harper the statutory rate—one-and-a-half times the regular rate—for all overtime hours that he worked.

### B. *Judgment as a Matter of Law*

Because no genuine dispute as to any material fact exists, I must decide whether Defendants are entitled to judgment as a matter of law. Under the Fair Labor Standards Act, Defendants are required to pay Mr. Harper at least one-and-a-half times his regular rate for all hours worked weekly in excess of 40 hours. 29 U.S.C. § 207(a)(1). The Act explains that an employer does not violate this provision if, "in the case of an employee performing two or more kinds of work for which different hourly or piece rates have been established," the employer pays its employee "not less than one and one-half times such bona fide rates applicable to the same work when performed during nonovertime hours." *Id.* § 207(g)(2). There is no genuine dispute that Defendants paid Mr. Harper one-and-a-half times his regular rate[2] for all overtime hours that he worked. Therefore, Defendants did not violate the Fair Labor Standards Act as a matter of law and are entitled to summary judgment.

---

[2] As a matter of law, Defendants can pay Mr. Harper a "regular rate" that varies according to the type of work he performs. Under Delaware law, public works contracts set forth "the minimum wages to be paid various classes of laborers and mechanics[,] which shall be based upon the wages that will be determined by the Delaware Department of Labor, Division of Industrial Affairs, to be prevailing in the county in which the work is to be performed." Del. Code tit. 29, § 6960(a). For example, Delaware Department of Transportation contract number DOT1801 sets forth different pay rates for different work classifications. Defs.' Opening Br. Appx. 4, at 466. The Delaware Department of Labor explains that "[l]aborers and mechanics are to be paid the appropriate wage rates for the classification of work *actually performed*, without regard to skill." 19-1322 Del. Admin. Code § 3.1.3 (emphasis added). The Department of Labor also discusses "how to compute wages for workers who work in excess of 40 hours in a work week in *different classifications*." Defs.' Opening Br. Appx. 3, at 397 (emphasis added).

*C. New Claims*

Mr. Harper raises new claims regarding sick pay, benefits, and workplace harassment that he did not assert in his complaint. Pl.'s Resp. Br. 6. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Because Mr. Harper did not move to amend his complaint, I do not consider his new claims.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, I grant Defendants' motion for summary judgment and dismiss Mr. Harper's claim.